UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOAN PRANSKY and JANE BECKER
GELLER,

                 Plaintiffs,

      - v -

BRADLEY EISNER, individually and
d/b/a RAZOR FX and RAZOR
FX, INC.,

                Defendants.
-------------------------------------------------------x

**REPORT AND
RECOMMENDATION**

CV 08-601 (SJ)(VVP)

The Honorable Sterling Johnson, Jr., granted the motion for a default judgment by the plaintiffs Joan Pransky and Jane Becker Geller against the defaulting defendant Bradley Eisner, and referred the matter to me for a report and recommendation on damages. This case involves the defendant's alleged fraudulent activities and breach of contract in connection with the plaintiffs' investments in Eisner's company.[1]

## A.    LIABILITY

Given the default, the well-pleaded allegations of the complaint are deemed admitted, except as to the amount of the plaintiff's damages. *See, e.g., Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 1049 (1993); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The allegations of the complaint thus establish the following facts leading to liability. The defendant Eisner was the principal, president, operator and incorporator of the financial services firm Razor FX, Inc. (hereafter "Razor"). *See* Complaint ¶¶ 3-5. Eisner and Razor held themselves out as a financial services

---

[1]The defendant Razor FX, Inc. was apparently never served, and the plaintiffs have not sought a default judgment against it.

firm in the business of trading in the spot foreign exchange market. *See id.* ¶ 6. In reality however, Razor was a front for a "Ponzi" scheme that Eisner ran with his partner Michael Richard MacCaull, an individual who had previously been convicted of fraud. *See id.* ¶ 11. As part of the scheme, Eisner falsely represented that he was a foreign currency trader, when in fact he was not investing money from clients, but instead was depositing the investments in a bank account for himself, or using the deposits to pay other investors. *See id.* ¶¶ 11, 14. In furtherance of his scheme, Eisner listed himself as a broker, and sent out false account statements to investors on a weekly basis reporting on non-existent trades and profits. *See id.* ¶ 15.

The defendant represented to the plaintiffs that he was an experienced currency trader and that he would carefully invest their funds through Razor. *See id.* ¶¶ 16, 24. Eisner agreed to act as the plaintiffs' broker to invest their funds in the foreign market exchange, and pay distributions to the plaintiffs in accordance with a specified plan. *See id.* ¶¶ 30, 37. Relying upon these false representations, on April 24, 2006, the plaintiff Geller invested $123,231.24 with Eisner, although she subsequently withdrew $45,000. *See id.* ¶ 17. Thus, in total Geller personally invested $78,231.24 with Eisner in Razor accounts designated RFX32688 and RFX21444. *See id.* The plaintiff Pransky also relied on the same false representations and made three deposit investments totaling $99,000 into Razor account RFX32789. *See id.* ¶ 18.

Instead of investing the plaintiffs' funds, Eisner used the money to support a lavish lifestyle, including the purchase of property and excessive personal gifts, as well as to pay off

debts from prior illicit ventures. *See id.* ¶¶ 26, 31. On January 15, 2008, Eisner's partner MacCaull was arrested in connection with the fraud, and Eisner terminated the scheme and ceased operations. *See id.* ¶¶ 19-20. Public documents relating to MacCaull's arrest reveal that Eisner admitted that he and MacCaull defrauded millions from investors. *See id.* ¶ 20-21.

Although the complaint asserts causes of action for breach of contract, conversion, and breach of fiduciary duty, the plaintiffs do not set forth in the motion for default under which cause of action they seek relief. Nonetheless, as discussed below the court concludes that the plaintiffs have established liability on their claims for breach of contract and conversion, each of which entitles the plaintiffs to the damages they seek. Therefore, the court need not address the claim for breach of fiduciary duty.[2]

### 1.    Conversion

To prove a claim for conversion under New York law, a plaintiff must establish that the defendant acted without authorization, that the defendant exercised dominion or right of ownership over property belonging to the plaintiff, that the plaintiff has made a demand for the property, and the demand has been refused. *See Allen v. Cox,* 2011 WL 2436705, *3, No. 10 Civ. 7118, (S.D.N.Y. June 16, 2011) *citing Seanto Exports v. United Arab Agencies,* 137 F. Supp. 2d 445, 451 (S.D.N.Y. 2001). Under New York law, "[i]t is well settled that an action will lie for the conversion of money where there is a specific, identifiable fund and an

---

[2]The plaintiffs also assert a claim for preliminary injunction, but a preliminary injunction is a form of relief, not a separate claim or cause of action. *See, e.g., Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 407-08 (S.D.N.Y. 2010); *Furchtgott-Roth v. Wilson*, No. 09 Civ. 9877, 2010 WL 3466770, at *5 (S.D.N.Y. Aug. 31, 2010). In any event, the plaintiffs in their motion for a default judgment do not seek injunctive relief or establish a basis for it, and therefore the court does not address that issue.

obligation to return or otherwise treat in a particular manner the specific fund in question."
*Global View Ltd. Venture Capital v. Great Central Basin Exploration, L.L.C.,* 288 F. Supp. 2d 473, 479 (S.D.N.Y. 2003), *citing Manufacturers Hanover Trust Co. v. Chemical Bank*, 160 A.D.2d 113, 559 N.Y.S.2d 704, 712 (1st Dep't 1990). In order "to sustain a conversion claim, a plaintiff must allege acts that are unlawful or wrongful as distinguished from acts that are a mere violation of contractual rights." *Fraser v. Doubleday & Co.*, 587 F. Supp. 1284, 1288 (S.D.N.Y. 1984). The New York Court of Appeals has determined that if demand would be futile because the circumstances show that the defendant knows it has no right to the goods, a demand is not required. *State v. Seventh Regiment Fund, Inc.,* 98 N.Y.2d 249, 260, 746 N.Y.S.2d 637, 645, 774 N.E.2d 702 (2002).

The well-pleaded allegations of the complaint establish a conversion. The plaintiffs' funds were deposited into identified accounts for the specific purpose of being invested by Eisner in foreign markets, but Eisner used the funds to serve his own private purposes. Because the funds were not used for investments as promised, Eisner's acts were wrongful and not merely a violation of any contractual obligation. Moreover, as Eisner was undoubtedly aware that he had no authorization to use the funds for his own purposes, a formal demand to return the funds was not required.

## 2.     Breach of Contract

The complaint also establishes the elements for a claim for breach of contract. "To make out a viable claim for breach of contract a "complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guar.*

*Trust Co. of N.Y.*, 375 F.3d 168, 177 (2nd Cir. 2004), *quoting Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir. 1996), *see also First Investors Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998).   The allegations of the complaint establish the existence of an agreement between the plaintiffs and Eisner, and the plaintiffs' payment of $177,231.24 to the defendant pursuant to the agreement establishes adequate performance by the plaintiffs.  The defendant's failure to invest the funds and conversion of the funds to his own use constitute a breach of the agreement, and the plaintiffs have sustained damages by the loss of the funds.

### B.    DAMAGES

On the issue of damages, in contrast to liability, the court may not accept the allegations of the complaint as true, but rather must make an independent determination of the appropriate relief to be awarded.  *See, e.g., Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2d Cir. 1999); *SEC v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975).  The court need not hold an evidentiary hearing, however, and here the court has received affidavits and a memorandum in lieu of holding an evidentiary hearing on damages issues.  *See, e.g., Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997) ("We have held that, under rule 55(b)(2), 'it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment.' "); *accord, Fustok v. ContiCommodity Serv., Inc.,* 873 F.2d 38, 40 (2d. Cir. 1989); *Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir. 1993).  As no party has objected to that procedure, the court has considered affidavits submitted by the plaintiffs, and concludes that they provide a basis for awarding the damages recommended below.

Both plaintiffs have submitted affidavits attesting to the amounts they deposited with Eisner and the manner in which the payment required by the contract was made. Pransky asserts that she made three wire deposits with Eisner totaling $99,000 which were deposited into an account number RFX32789. *See* Affidavit in Support ("Pransky Aff.") ¶¶ 7-13, Exh. A. Geller made various wire transfers to account RFX32688 which totaled $78,231.24. *See* Affidavit in Support ("Geller Aff.") ¶¶ 4-8, Exhs. C-E. That is a sufficient evidentiary basis to establish the amount of restitution to be made. *See, e.g., Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d at 111.

"Under New York law, restitution damages are available as an equitable remedy for repudiation or total breach of a contract." *E.g., Summit Properties Int'l, LLC v. Ladies Professional Golf Ass'n*, No. 07 Civ 10407(LBS), 2010 WL 4983179, at *3 (S.D.N.Y. Dec. 6, 2010) (*citing Abdul v. Subbiah*, 289 A.D.2d 105, 105, 735 N.Y.S.2d 29, 30 (1st Dep't 2001)). When, as here, the defendant has utterly failed to fulfill his contractual obligations, the plaintiff is entitled to recover "the reasonable value of services rendered, goods delivered, or property conveyed less the reasonable value of any counter-performance received by him." *Bausch & Lomb Inc. v. Bressler*, 977 F.2d 720, 729 (2d Cir. 1992). As the plaintiffs received no counter-performance by the defendant, they are entitled to recover, under their breach of contract claim, all of the money they conveyed to him. Similarly, as damages for conversion are determined by the value of the property at the time of conversion, *Rajeev Sindhwani, M.D., PLLC v. Coe Bus. Serv., Inc.,* 52 A.D.3d 674, 676, 861 N.Y.S.2d 705, 708 (2d Dep't 2008), the plaintiffs are entitled, under their conversion claim, to recover all of the money they provided

to the defendant.  The plaintiffs are therefore entitled to a judgment ordering the defendant Eisner to pay restitution in the amount $177,231.24.

## CONCLUSION

In accordance with the above considerations, the undersigned hereby

**RECOMMENDS** that a default judgment be entered against the defendant Bradley Eisner awarding damages in the amount of $99,000 to the plaintiff Joan Pransky and in the amount of $78,231.24 to the plaintiff Jane Geller.

*         *         *         *         *         *

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Counsel for the plaintiff shall serve a copy of this Report and

Recommendation on the defendant by regular mail and file proof of such service in

the record.

Respectfully recommended,

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         September 14, 2011